UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR G. HALL,

               Petitioner,             Case No. 1:17-cv-451

v.                                                           Honorable Robert J. Jonker

VERMONT DEPARTMENT OF
CORRECTIONS et al.,

               Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a prisoner of the State of Vermont under 28 U.S.C. § 2254.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual

---

[1] Some courts have held that challenges to placement in an out-of-state private prison should be bought in actions under 42 U.S.C. § 1983. *See, e.g., Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000). Other courts have concluded that challenges such as Petitioner's involve the execution of a sentence, and therefore should be brought in an action under 28 U.S.C. § 2241, rather than § 2254. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (citing cases). Yet Petitioner's claim also appears to attack not only the execution of his sentence, but also the duration of his sentence, since he seeks immediate release. Such a claim arguably would fall under § 2254. *Id.* (holding that the typical view is that § 2254 is the proper vehicle for such claims). The Court concludes that, based on the relief Petitioner seeks, § 1983 is not the proper vehicle for his claims. The Court will assume without deciding that Petitioner has properly raised his claims in a § 2254 action.

allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

### **Background**

Petitioner Victor G. Hall presently is incarcerated at the North Lake Correctional Facility in Baldwin, Michigan, which is a private prison operated by the GEO Group. Petitioner pleaded guilty in the Vermont Superior Court, Chittenden Criminal Division, to two counts of aggravated sexual assault. On November 26, 2007, Petitioner was sentenced to prison terms of 10 to 50 years.

Petitioner filed an appeal to the Vermont Supreme Court, claiming the following: (1) his attorney rendered ineffective assistance; (2) his plea was involuntary; and (3) he was actually innocent of the offense. The Vermont Supreme Court denied his claims and affirmed his convictions on November 5, 2008. He alleges that he filed a motion for postconviction relief in the Vermont Superior Court in the fall of 2009, in which he raised the same issues presented on direct appeal. The motion allegedly was not decided until January 2013, when it was denied.

Although Petitioner continues to claim that he is actually innocent and that he was forced to plead guilty because his attorney utterly failed to prepare a defense, he does not challenge his convictions or sentences in his habeas petition. Instead, Petitioner argues that Vermont lacked jurisdiction to transfer him out of state to a private prison, operated by the GEO Group, to serve his sentence. He contends that, because his transfer to a private prison in Michigan was without jurisdiction, Vermont lost all jurisdiction to hold him. Moreover, because the GEO Group is closing its doors on June 20, 2017, Petitioner knows that he is being transferred out of the facility shortly.

He therefore seeks an injunction preventing Vermont from transferring him to another state, on the grounds that it now lacks jurisdiction. He also seeks immediate release from incarceration, as his continuing custody can no longer be enforced by Vermont, because of the break in legal custody. In support of his position, Petitioner attaches an article he wrote on the illegality of Vermont's use of out-of-state private prisons to house its state prisoners.

## Discussion

To the extent that Petitioner alleges that he has been deprived of due process by his transfer out of state, his claim is meritless. The courts repeatedly have held that an inmate does not have a liberty interest in assignment to a particular institution, even one situated out of state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (addressing a challenged transfer from Hawaii to California); *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir.1986). Therefore, because he has no liberty interest in his placement, Petitioner does not have a due process interest in his placement out of state.

In addition, to the extent that Petitioner argues that Vermont law does not permit the Vermont Department of Corrections to transfer him an out-of-state private prison, he fails to state a cognizable federal claim. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of

state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Further, federal courts have consistently upheld transfers of inmates to private, out-of-state facilities. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) (holding that an "objection to transfer to privately run, out-of-state prisons would be frivolous"); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (rejecting challenge to such transfer as "unsupported by law"); *see also Abordo v. O'Dell*, 23 F. App'x 615, 616 (8th Cir. 2001); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) (holding that the fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (rejecting claim that transfer to an out-of-state, private prison violates the federal constitution). For the reasons set forth in the cited cases, the Court rejects Petitioner's argument.

Moreover, Petitioner's assertion that the State of Vermont lost jurisdiction over him when it transferred him to a facility out of state arises out of "a popular myth among prisoners that a state's authority over a prisoner ends at the state's geographical border." *Evans v. Holm*, 114 F. Supp. 2d 706, 711 (W.D. Tenn. 2000). The theory that a state's jurisdiction over a convicted prisoner is lost once the prisoner has been transferred to a private, out-of-state prison has been rejected by every court that has considered the question. *See, e.g., Montez*, 208 F.3d 866; *Abordo*, 23 F. App'x at 616; *Evans*, 114 at 711 (citing numerous cases); *see also Turner v. Riley*, No. CV-06-0065-CG-C, 2006 WL 1452693, at *5 (S.D. Ala. May 22, 2006) (citing *Evans*, 114 F. Supp. 2d at 713); *Payne v. Allen*, No. 08-0795, 2009 WL 1546362 (W.D. La. June 1, 2009); *Mills v. Alabama*, 12 So. 3d 718, 719-20 (Ala. Crim. App. 2007). Petitioner's claim, therefore, will be denied as meritless.

**Pending Motions**

Also pending before the Court are Petitioner's motion to appoint counsel (ECF No. 2) and motion for preliminary injunctive relief (ECF No. 3). In light of the Court's disposition of Petitioner's claims for relief, his pending motions will be denied as moot.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4, because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     June 13, 2017             /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE